IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

TAVIUS WOODS and TERRY CURRY,
on behalf of and as Power of Attorney
and Next Friend of Tavius Woods,
    Plaintiffs,

CAUSE NO.:
<u>Removed From:</u>
[30th Judicial District at Memphis]
[Docket No. CT-004959-18, Div. III]

v.

SHELBY COUNTY SCHOOLS,

    Defendant.

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, MEMPHIS DIVISION:

    Defendant Shelby County Schools [SCS] hereby notifies the parties and the Court that it is filing this Notice of Removal under Federal Rule of Civil Procedure 81(c) and pursuant to 28 U.S.C. §§ 1441 and 1446, on the ground that this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331. In support thereof, Defendant states the following:

### INTRODUCTION

    1.    On October 29, 2018, Plaintiffs filed suit in the Circuit Court for the 30th Judicial District at Memphis, Tennessee. Plaintiff Tavius Woods, a former employee of SCS, and Plaintiff Terry Curry filed suit under the Americans with Disabilities Act and the Rehabilitation Act.

    2.    The case is styled *Tavius Woods and Terry Curry, on behalf of and as Power of Attorney and Next Friend of Tavius Woods vs. Shelby County Schools.*

1

3. According to the Return of Service, on November 6, 2018, the Summons and Complaint were delivered by process server to Dorsey Hopson, II, Superintendent of Defendant, at 160 South Hollywood Street, Memphis, Tennessee. *See* **Exhibit A, Return of Service.**

4. Defendant timely filed this Notice of Removal within thirty (30) days of service provided under 28 U.S.C. § 1446(b).

## PARTIES

5. According to the Complaint, Plaintiff Tavius Woods is an adult resident of Shelby County, TN. *See* **Exhibit B, Complaint at ¶ 6.**

5. According to the Complaint, Ms. Terry Curry is an adult resident of Shelby County, TN, and is Plaintiff Woods' mother, caregiver and next friend, and has Plaintiff Wood's Power of Attorney for this action. *See* **Exhibit B, Complaint at ¶¶ 7 - 8.**

6. According to the Complaint, SCS is a public school district organized under the laws of Tennessee, with its principal place of business located at 160 S. Hollywood Street, Memphis, Tennessee 38112. *See* **Exhibit B, Complaint at ¶ 12.**

## NATURE OF THE SUIT

7. Plaintiffs' Complaint alleges two causes of action. First, the Complaint alleges that SCS violated the Americans with Disabilities Act [ADA], 42 U.S.C. § 12132, by terminating Plaintiff Woods on the basis of a disability. *See* **Exhibit B, Complaint at ¶¶ 44-66.** Second, the Complaint alleges that SCS violated Plaintiff Woods' rights under the Rehabilitation Act [RA], 29 U.S.C. §§ 704(a) and (b), by terminating him on the basis of a disability. *See* **Exhibit B, Complaint at ¶¶ 67-86.** Plaintiffs demand that the Court issue judgment that the acts of Defendant violated the ADA and the RA, that compensatory and punitive damages should be awarded

2

Plaintiffs, and that Plaintiffs' costs and expenses of the lawsuit should be awarded them. *See* **Exhibit B, Complaint at Prayer for Relief, p. 9.**

## BASIS FOR REMOVAL

8. Defendant seeks to remove this suit on the basis of federal-question jurisdiction under 28 U.S.C. § 1331.

9. A federal district court has original jurisdiction over any civil action arising under the laws of the United States. 28 U.S.C.§ 1331.

10. Plaintiffs' Complaint alleges that Defendant has violated the Plaintiff Woods' rights under the Americans with Disabilities Act, 42 U.S.C. § 12131, and the Rehabilitation Act, 29 U.S.C. §§ 794(a) and (b). *See* **Exhibit B, Complaint at ¶¶ 39-40.**

11. Notice of Removal is being filed with the Circuit Court for the Thirtieth Judicial District at Memphis, Tennessee and provided to all parties, as required by 28 U.S.C. § 1446(d). *See* **Exhibit C.**

12. The United States District Court for the Western District of Tennessee at Memphis encompasses the location of the Circuit Court in which this action was originally filed. 28 U.S.C. § 1446(a) (the state case shall be removed to "the district court of the United States for the district or the division within which such action is pending").

13. Defendant requests that this Court assume jurisdiction of this case, pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1331.

14. Defendant has attached to this Notice all pleadings, process, orders, and other filings in the state-court action, as required by 28 U.S.C. § 1446(a). *See* **Exhibits A, B and C.**

Respectfully submitted,

/s/ *Gabriel P. McGaha*
Gabriel P. McGaha (TN #027413)
Jeff Weintraub (TN #009686)
Martin F. Thompson (TN #006331)
Fisher & Phillips LLP
1715 Aaron Brenner Dr.
Suite 312
Memphis, TN 38120
901-526-0431 (phone)
901-526-8183 (fax)
gmcgaha@fisherphillips.com
jweintraub@fisherphillips.com
mthompson@fisherphillips.com

*Attorneys for Defendant*
*Shelby County Schools*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was duly served upon Alan Crone and Laura A. E. Bailey, Attorneys for Plaintiffs, 88 Union Avenue, 14th Floor, Memphis, TN 38103 via electronic service to acrone@cronelawfirmplc.com and jbailey@cronelawfirmplc.com on this 30 day of November, 2018.

/s/ Gabriel P. McGaha
Gabriel P. McGaha

2.

**FILED**
NOV 19 2018
CIRCUIT COURT CLERK
BY_____ D.C.

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-004959-18

☒ Lawsuit
☐ Divorce

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| Tavius Woods and Terry Curry, on behalf of and as Power of Attorney and Next Friend of Tavius Woods | VS | Shelby County Schools |

**TO:** (Name and Address of Defendant (One defendant per summons))

Mr. Dorsey E. Hopson, II
Superintendent of Shelby County Schools
160 S. Hollywood Street
Memphis, Tennessee 38112

**Method of Service:**
☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☒ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Laura Ann E. Bailey of the Crone Law Firm, PLC** Plaintiff's attorney, whose address is **88 Union Avenue, 14th Floor, Memphis, Tennessee 38103** telephone **901-737-7740** within **THIRTY (30) DAYS** after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _10/29/18_ By _K. Mu_____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master   By: _____, D.C.

# EXHIBIT A

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the __6__ day of __Nov__, 20__18__ at __11:25 A__ M. a copy of the summons and a copy of the Complaint to the following Defendant __Mr. Dorsey E. Hopson, II SuperinTendent of__ at __160 S Hollywood St__   __Shelby County Schools % K. Harris__

__Kimberly Hawks__
Signature of person accepting service

By: __[signature]__
Sheriff or other authorized person to serve process

State of Tennessee
County of Shelby
Subscribed and sworn to before me
This __6__ day of __Nov__ 2018
__Charlie R Moore__
Notary Public

[Notary seal: CHARLIE R. MOORE, STATE OF TENNESSEE NOTARY PUBLIC, COUNTY OF SHELBY, MY COMM. EXP. SEPT. 28, 2019]

PDQ Couriers
PO Box 341864
Memphis, TN 38184
901 - 624 - 6875

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20____.

By: _____
Sheriff or other authorized person to serve process

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, TENNESSEE

FILED OCT 29 2018
CIRCUIT COURT CLERK
BY _____ D.C.

| | |
|---|---|
| TAVIUS WOODS, and<br>TERRY CURRY, on behalf of,<br>as Power of Attorney and<br>Next Friend for Tavius Woods,<br><br>Plaintiffs,<br><br>v.<br><br>SHELBY COUNTY SCHOOLS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: CT-004959-18<br>)         DIV III<br>) JURY DEMANDED<br>)<br>)<br>) |

## COMPLAINT

COMES NOW the Plaintiff, Tavius Woods (hereinafter referred to as "Mr. Woods," or "Plaintiff"), by and through counsel, and for his Complaint against Defendant, Shelby County Schools ("SCS" or "Defendant"), states as follows:

### NATURE OF THE COMPLAINT

1. Mr. Woods brings a cause of action under federal law, specifically the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq.*

2. Mr. Woods brings this action against Defendant for discrimination and related penalties and damages.

3. Ms. Terry Curry is Mr. Woods' mother, caregiver, and next friend of Mr. Woods, and holds Mr. Woods' power of attorney for the prosecution and maintenance of this action.

4. Mr. Woods is a former employee of Defendant who alleges that Defendant discriminated against him and terminated him from his job on the basis of Mr. Woods's disability.

EXHIBIT B

5. Defendant's practices are in direct violation of the ADA, 42 U.S.C. § 12132, and RA, 29 U.S.C. § 794(a). Mr. Woods seeks declaratory relief, liquidated and/or other damages as permitted by applicable law; attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

6. Mr. Woods is an adult resident of Memphis, Shelby County, Tennessee.

7. Ms. Terry Curry is an adult resident of Memphis, Shelby County, Tennessee.

8. Ms. Curry is Mr. Woods' mother, caregiver, and next friend of Mr. Woods, and holds Mr. Woods' power of attorney for the prosecution and maintenance of this action.

9. Mr. Woods was an employee of Defendant for ADA and RA purposes.

10. Mr. Woods is a "qualified individual with a disability" for ADA purposes, 42 U.S.C. § 12131(2).

11. Mr. Woods is an "individual with a disability" for RA purposes, 29 U.S.C. § 705(20).

12. Defendant, Shelby County Schools is a public school district organized under the laws of Tennessee, with its principal place of business located at 160 S. Hollywood Street, Memphis TN 38112, and may be served with process through its Superintendent, Mr. Dorsey E. Hopson, II, at 160 S. Hollywood Street, Memphis TN 38112.

13. SCS is bound by the ADA, as well as the RA.

## JURISDICTION AND VENUE

14. Subject matter jurisdiction is proper in this Court pursuant to Tennessee Code Annotated § 16-10-101, conferring general jurisdiction on Circuit Court.

15. Venue is proper in this Court because the facts and circumstances which give rise to the causes of action contained within this Complaint occurred in Shelby County, Tennessee, and within this Judicial District.

16. Plaintiff has exhausted his administrative remedies by filing an EEOC Charge on or about June 14, 2017, within 300 days of his illegal termination.

17. Plaintiff received a Right to Sue Letter on or about July 31, 2018, and brings this action within the ninety (90) day period to pursue his claims.

## FACTUAL BACKGROUND

18. Defendant employed Mr. Woods on a part-time basis in or about January 2016.

19. Mr. Woods suffers from a disability, Downs Syndrome.

20. Downs Syndrome occurs when an individual has a full or partial extra copy of chromosome 21. The additional genetic material alters the course of development and causes characteristics associated with Downs Syndrome. Common physical traits of Downs Syndrome are low muscle tone, small stature, and upward slant to the eyes, and a single deep crease across the center of the palm—although each person with Downs Syndrome is a unique individual and may possess these characteristics to different degrees, or not at all.

21. Mr. Woods' disability has physical manifestations that cannot be ignored.

22. Defendant hired Mr. Woods to work as a cafeteria worker.

23. In the course of hiring Mr. Woods, it was clear to Defendant that Mr. Woods suffers from a disability.

24. Mr. Woods provided documentation to Mr. Ayele Akibulan ("Mr. Akibulan") in Human Resources for SCS during Mr. Woods' employment training period which established Mr. Woods' disability.

25. Mr. Woods worked at Oakshire Elementary for nearly nine (9) months without incident.

26. Oakshire Elementary is a school within the SCS system.

27. On September 22, 2016, Ms. Chantay Branch ("Ms. Branch"), the Director of Labor and Employer Relations, sent two police officers to pick up Mr. Woods from Oakshire Elementary.

28. Mr. Woods asked the police officers to call his mother, Ms. Terry Curry.

29. The police officers took Mr. Woods' phone from him, placed Mr. Woods in the police car, and took Mr. Woods to meet Ms. Branch in her office at the Shelby County Board of Education, located at 160 S. Hollywood Street in Memphis.

30. Mr. Woods requested that his mother, who is also his caregiver, be present for the meeting.

31. Mr. Woods' request to have his mother present was denied.

32. During this meeting, Ms. Branch derogatorily called Mr. Woods a "retarded criminal."

33. Ms. Branch terminated Mr. Woods' employment from SCS.

34. Ms. Branch then took Mr. Woods' badge and apron and had the police officers return Mr. Woods to Oakshire Elementary where Mr. Woods was picked up by his mother.

35. Ms. Branch's comment calling Mr. Woods a "retarded criminal" was in reference to a false accusation levied against Mr. Woods in January 2014.

36. Mr. Woods was arrested as a result of the charge, but it was dismissed in May 2015, as the investigation yielded no evidence to support the claim.

37. Mr. Woods' arrest cannot be the basis for his termination.

38. Mr. Woods provided documentation concerning both the falsity and the expunction of the criminal charges levied against him to Mr. Akibulan before Mr. Woods' first day on the job.

39. Thus, SCS knew the criminal allegations existed, had been dismissed, and were false at the time of his hiring, thereby providing no legitimate reason for terminating Mr. Woods' employment on this basis.

40. SCS was aware of the criminal allegations before SCS employed Mr. Woods.

41. Mr. Woods provided documentation concerning Mr. Woods' disability to Mr. Akibulan during his employment training period, which established Mr. Woods' disability.

42. SCS had received notice that Mr. Woods was disabled at the time Mr. Woods was hired.

43. When Ms. Branch called Mr. Woods "retarded" and terminated Mr. Woods' employment from SCS, SCS discriminated against Mr. Woods on the basis of his disability in terminating his employment.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

44. Mr. Woods re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 43 as if set forth fully herein.

45. At all relevant times, Defendant has been, and continues to be, a "public entity" within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12131(1).

46. At all relevant times, Plaintiff has been, and continues to be, a "qualified individual with a disability" within the meaning of the ADA, 42 U.S.C. § 12131(2).

47. The ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

48. Mr. Woods has a disability, as defined by the Americans with Disabilities Act.

49. Mr. Woods has Downs Syndrome.

50. Downs Syndrome substantially limits Mr. Woods in his major life activities, including but not limited to caring for himself, performing manual tasks, speaking, learning, and working.

51. Mr. Woods has a record of his impairment, which was provided to Defendant in the course of Mr. Woods' hiring.

52. Mr. Woods' disability has physical manifestations that cannot be ignored.

53. Defendant Shelby County Schools is a "public entity" within the meaning of the ADA, and is therefore subject to the requirements of the Americans with Disabilities Act.

54. Defendant is prohibited from discriminating against Mr. Woods based on Mr. Woods' disability.

55. Mr. Woods was qualified for his position, with a reasonable accommodation.

56. Mr. Woods was qualified to work for Shelby County Schools, as Mr. Akibulan hired Mr. Woods after receiving information about Mr. Woods' disability during the hiring phase, and Mr. Woods worked for Shelby County Schools for nine (9) months without incident.

57. Mr. Woods was hired by Defendant as a part-time employee.

58. Mr. Woods suffered an adverse employment action.

59. Mr. Woods suffered an adverse employment action when Ms. Branch called Mr. Woods a "retarded criminal" and terminated his employment in a meeting Ms. Branch initiated after she had police officers pick Mr. Woods up from Oakshire Elementary.

60. SCS discriminated against Mr. Woods on the basis of his disability in terminating Mr. Woods' employment.

61. SCS violated the ADA, specifically 42 U.S.C. § 12132, when it terminated Mr. Woods on the basis of his disability.

62. Other non-disabled employees received more favorable treatment than Mr. Woods.

63. Ms. Branch did not use derogatory terms such as "retarded" to address non-disabled employees in terminating their employment.

64. Defendant discriminated against Mr. Woods by negatively impacting the terms and conditions of his employment on the basis of his disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12131(1).

65. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff was injured and suffered damages related to his illegal termination.

66. Defendant's conduct caused Plaintiff to suffer economic damages, in the form of back pay and front pay; compensatory damages in the form of humiliation, embarrassment, degradation, emotional distress, and mental anguish; punitive damages; and attorneys' fees, costs and expenses.

## COUNT II - VIOLATION OF THE REHABILITATION ACT

67. Mr. Woods re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 66 as if set forth fully herein.

68. Upon information and belief, at all relevant times, Defendant has been, and continues to be, a "program or activity" receiving federal financial assistance for purposes of the Rehabilitation Act, 29 U.S.C. § 794(b).

69. Upon information and belief, at all relevant times, Plaintiff has been, and continues to be, an "individual with a disability" within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(20).

70. The Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from

participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or any program or activity conducted by an executive agency or by the United States Postal Service." 29 U.S.C. § 794(a).

71. Mr. Woods is disabled within the meaning of the Rehabilitation Act.

72. Mr. Woods has Downs Syndrome.

73. Downs Syndrome substantially limits Mr. Woods in his major life activities, including but not limited to caring for himself, performing manual tasks, speaking, learning, and working.

74. Mr. Woods has a record of his impairment, which was provided to Defendant in the course of Mr. Woods' hiring.

75. Mr. Woods was qualified for his position, with a reasonable accommodation.

76. Mr. Woods was qualified to work for Shelby County Schools, as Mr. Akibulan hired Mr. Woods after receiving information about Mr. Woods' disability during the hiring phase, and Mr. Woods worked for Shelby County Schools for nine (9) months without incident.

77. Mr. Woods' disability has physical manifestations that cannot be ignored.

78. Mr. Woods was hired by Defendant as a part-time employee.

79. Mr. Woods suffered an adverse employment action.

80. Mr. Woods suffered an adverse employment action when Ms. Branch called Mr. Woods a "retarded criminal" and terminated his employment in a meeting Ms. Branch initiated after she had police officers pick Mr. Woods up from Oakshire Elementary.

81. Other non-disabled employees received more favorable treatment than Mr. Woods.

82. Ms. Branch did not use derogatory terms such as "retarded" to address non-disabled employees in terminating their employment.

83. SCS terminated Mr. Woods on the basis of his disability in violation of the Rehabilitation Act, 29 U.S.C. § 794(a).

84. Defendant discriminated against Mr. Woods by negatively impacting the terms and conditions of his employment on the basis of his disability, in violation of the Rehabilitation Act, 29 U.S.C. § 794(b).

85. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff was injured and suffered damages related to his illegal termination.

86. Defendant's conduct caused Plaintiff to suffer economic damages, in the form of back pay and front pay; compensatory damages in the form of humiliation, embarrassment, degradation, emotional distress, and mental anguish; punitive damages; and attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Woods prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the ADA and RA;

2. An award of appropriate compensatory and punitive damages under the ADA and RA (or either of them), for Defendant's malicious and reckless indifference to Plaintiff and Defendant's intentional violation of Plaintiff's rights; and

3. Award him costs and expenses of this action incurred herein, including reasonable attorneys' fees; and

4. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Mr. Woods hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: October 29, 2018

Respectfully submitted,

*Laura Ann E Bailey*
Alan G. Crone, TN Bar No. 014285
Laura Ann E. Bailey, TN Bar No. 027078
Bailey H. Dorsey, TN Bar No. 033664
Amanda M. Garland, TN Bar No. 33843
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
lbailey@cronelawfirmplc.com
bdorsey@cronelawfirmplc.com

*Attorneys for Plaintiff*

## IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, TENNESSEE

**TAVIUS WOODS and TERRY CURRY,**
on behalf of, as Power of Attorney and
Next Friend for TAVIUS WOODS,

    Plaintiffs,

vs.                                                                 CASE NO. CT-004959-18, Div. III

**SHELBY COUNTY SCHOOLS,**

    Defendant.

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, Shelby County Schools ("SCS"), hereby notifies the parties and the Court that it has filed a Notice of Removal in the United States District Court for the Western District of Tennessee, Memphis Division, pursuant to 28 U.S.C. §§ 1441 and 1446. A copy of the Notice of Removal is attached as Exhibit 1.

[Signature Page follows]

**EXHIBIT C**

Respectfully submitted,

**FISHER & PHILLIPS LLP**

By: /s/ Gabriel P. McGaha

Gabriel P. McGaha (BPR # 027413)
Jeff Weintraub (BPR # 009686)
Martin F. Thompson (BPR # 006331)
1715 Aaron Brenner Dr., Suite 312
Memphis, Tennessee 38120
Telephone: 901-526-0431
Facsimile: 901-526-8183
gmcgaha@fisherphillips.com
jweintraub@fisherphillips.com
mthompson@fisherphillips.com

*Attorneys for Defendant*
*Shelby County Schools*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served the foregoing Notice, via electronic mail and U.S. Mail, upon:

Alan Crone
Laura A. Bailey
88 Union Avenue, 14th Floor
Memphis, Tennessee 38103
acrone@cronelawfirmplc.com
lbailey@cronelawfirmplc.com

SO CERTIFIED, this the 30th day of November, 2018.

/s/ Gabriel P. McGaha
Gabriel P. McGaha

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff   Shelby
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Shelby
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Laura A. Bailey (901) 737-7740
Crone Firm, 88 Union Avenue, 14th Floor, Memphis, TN 38103

Attorneys *(If Known)*
Gabriel P. McGaha (901) 526-0431
1715 Aaron Brenner Drive, Suite 312, Memphis, TN 38120

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101 and 29 U.S.C. § 701

Brief description of cause:
Plaintiff alleges he was discriminated against in violation of the above-referenced statutes.

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE   11-30-18
SIGNATURE OF ATTORNEY OF RECORD   G.P. M

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE